**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In Re: | Case No.   12-47063-399 |
| Michelle Ann Finn, | Chapter 13 |
| Debtor. | Re. Doc. 22 |
| US Bank Trust N.A., as Trustee for LSF6 MRA REO Trust, by Vericrest Financial, Inc. solely in its capacity as servicer, | |
| Movant, | |
| v. | |
| Michelle Ann Finn | |
| and | |
| John V. LaBarge, Jr., | |
| Respondents, | |

**MEMORANDUM OPINION**

This matter comes before this Court on the Motion to Dismiss, or in the Alternative for Relief from the Automatic Stay (the "Motion") filed by US Bank Trust N.A., as Trustee for LSF6 MRA REO Trust, by Vericrest Financial, Inc. solely in its capacity as servicer ("Movant"). I dismiss the bankruptcy case of Michelle Ann Finn (the "Debtor"), prohibiting the Debtor from filing another case under Title 11 of the United States Code (the "Bankruptcy Code") within 180 days of this dismissal.

**BACKGROUND**

On July 24, 2012, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.  The Movant filed its Motion on September 26, 2012.[1]  On October 17, 2012, the Motion came before me for hearing.  I established a deadline of October 31, 2012

---

[1] The Chapter 13 Trustee filed an untimely response, which I do not consider.

for the parties to submit to me designations from the Debtor's Federal Rule of Bankruptcy Procedure 2004 examination in support of their positions. The Movant filed a timely designation of Rule 2004 examination testimony, together with exhibits from the Rule 2004 examination.

I adopt statements by the Movant regarding a loan and security interest on real property owned by the Debtor on the petition date and other matters:

A. US Bank Trust N.A., as Trustee for LSF6 MRA REO Trust, by Vericrest Financial, Inc. solely in its capacity as servicer is the holder of a secured claim in this proceeding by virtue of one Promissory Note dated August 2, 2007 in the original principal amount of $256,000.00.

B. Said Note is secured by a Deed of Trust dated August 2, 2007 and recorded as Document No. 2007R-037816 constituting a first lien on real estate owned by the Debtor. Said property being commonly known as 8150 Old State Route 21, Hillsboro, MO 63050 (the "Property"). . .

C. All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain assignment of deed of trust.

D. Movant seeks to enforce said Note and Deed of Trust as by law allowed. No creditor or Trustee of the estate has any interest in said realty superior to the rights of Movant.

E. The Property was acquired by the Debtor one day prior to her bankruptcy filing pursuant to a Warranty Deed dated July 23, 2012 and recorded July 23, 2012 as Instrument No. 21012R-026796. . . . Pursuant to the paragraph entitled Due on Sale or Alteration on page 2 of the Deed of Trust, Borrower identified as Randy Rickermann ("Rickermann") needed the consent of Movant to sell or transfer the [Property].

F. Rickermann previously filed a Chapter 13 Petition with this Court. . . which was dismissed on June 14, 2012 . . . . At the time of filing, the Property was Rickermann's principal residence. Following dismissal, Rickermann transferred the property to Debtor via Warranty deed, dated July 23, 2012 and recorded on July 23, 2012 . . .

G. Movant has had three (3) attempts at foreclosure. Movant had a sale scheduled for April 13, 2012 which was cancelled when Rickermann filed Case Number 12-43466 the day prior to sale on April 12, 2012. Movant had a foreclosure sale scheduled for July 6, 2012 which was canceled after the reinstatement of Rickermann's bankruptcy Case Number 12-43466 on June 8, 2012. Movant had a foreclosure sale scheduled for July 24, 2012 which was cancelled when Debtor filed bankruptcy

on the day of the sale July 24, 2012.

I glean additional facts in this matter from the Debtor's Rule 2004 examination testimony (and exhibits used at the Rule 2004 examination) as designated by the Movant, a memorandum submitted by the Movant setting forth its designations from the Rule 2004 examination, and otherwise from the record in this case.

Rickermann, with whom the Debtor had and continues to have a personal relationship, has occupied the Property since its purchase in 1999. He continues to occupy the Property (through a rental agreement with the Debtor) after he conveyed the Property to the Debtor the day before the Debtor filed her bankruptcy petition. Since 2006, the Debtor occupied the Property with Rickermann. The Debtor was not able to provide proof of consideration to Rickermann for conveyance of the Property. The Debtor first obtained insurance for the Property post-petition and immediately prior to the date of her Rule 2004 examination. While he owned the Property, Rickermann tried to obtain a loan modification agreement from the Movant, but his request was denied. When Rickermann conveyed the Property to the Debtor, the Debtor knew such conveyance was subject to the Movant's mortgage debt. The Movant contends that Rickermann did not obtain Movant's consent for the conveyance of the Property to the Debtor and, therefore, the full balance due under the terms of the Note is due and immediately owing.

The Debtor claims that she moved to an apartment before filing her Chapter 13 petition, and that she no longer resided at the Property as of that date. The Debtor provided no proof of utility bills or payment for the apartment. Since 2004, the Debtor has used the address of the apartment leasing office as her address. When the Debtor allegedly moved into the apartment, she continued to use the apartment leasing office address as her address. According to the Debtor, she rents the apartment from, and pays rent to, Big R Properties. However, Big R Properties is owned by Rickermann and the Debtor's rent for the apartment is nominal and is in a reduced dollar amount based on work that she performs for Rickermann and Big R Properties. The Debtor did not provide proof of payment for rent.

Rickermann and the Debtor retained the same bankruptcy attorney for each of their separate bankruptcy cases. The attorney advised the Debtor that debt owed to a lender was subject to modification (allowing it to be reduced to the value of the collateral) if the Debtor did not live at the property. The same attorney drafted the documentation to evidence the transfer of the Property from Rickermann to the Debtor and conducted a "closing" for the transfer. The Debtor's bankruptcy documents were prepared before

3

Rickermann's transfer of the Property to the Debtor, but the Debtor's bankruptcy petition was not filed until the day after the transfer.

And the Debtor appears to not have been forthcoming and accurate with respect to her original bankruptcy filings. The Debtor's bankruptcy documents as originally filed were prepared before Rickermann transferred the Property to her. These documents misstated income and expenses and a payment the Debtor allegedly made, and in these originally filed documents, the Debtor failed to disclose things such as her employment with and benefits received from Rickermann and Big R Properties since 2004. The Debtor's Schedules and Statements were not amended until after the Rule 2004 examination.

In the Debtor's proposed amended Chapter 13 plan, she lists the value of the Property at $135,000, and amount that is significantly less than the unpaid balance she lists as owed to the Movant, $256,000, and she proposes to modify the terms of the Note and Deed of Trust by paying (over a five year period) $156,217 in principal and interest. When asked if she filed her bankruptcy case to avoid foreclosure on the Property, the Debtor testified that "[i]t was my intention when I filed this bankruptcy to purchase this house and pay for it through the bankruptcy . . ." When asked if she believed she must pay the mortgage debt, the Debtor stated "I believe I should pay the $135,000."

The Movant is the only secured creditor that is to be paid in this case. The Debtor's Chapter 13 plan makes payment to only one creditor (with a small claim), other than the Movant, the Debtor's counsel and the Chapter 13 trustee. In addition, the Debtor's Chapter 13 plan provides for a significant lump sum payment at month 60.

## DISCUSSION

"[T]he purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their debts." *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218, 220 (8th Cir. 1996) (citing *In re Graven*, 936 F.2d 378, 385 (8th Cir. 1991). Bankruptcy Code § 1307(c) permits a bankruptcy court to dismiss a Chapter 13 case for cause. Included as "cause" under §1307(c) is a debtor's bad faith. *See Molitor*, 76 F.3d at 220 ("[A] Chapter 13 petition filed in bad faith may be dismissed or converted "for cause" under 11 U.S.C. §1307(c)."). A determination of bad faith requires consideration of the totality of the circumstances: "(1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; and (3) whether he has unfairly manipulated the bankruptcy code." *Id.* at 220 (citing *Handeen v. LeMaire (In*

4

*re LeMaire*), 898 F.2d 1346, 1349 (8th Cir. 1990)).  To constitute bad faith, "the debtor's conduct must, in fact, be atypical." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 n. 11 (2007).

Dismissal for cause is appropriate in this case.  It is evident that the Debtor's bankruptcy filing was made in an effort to afford a head start, rather than a fresh start, to the Debtor and Rickermann.  The transfer of the Property to the Debtor and the Debtor's alleged move from the Property were done to avoid the Movant's third attempt at a foreclosure sale of the Property, so the Debtor could file a bankruptcy petition and cram-down the debt owed to the Movant.  And the circumstances surrounding this transfer smell of bad faith.  This transfer was made only after Rickermann's bankruptcy case was dismissed and he had failed in his efforts to prevent the Movant's foreclosure on his own.  It is suspect that the Debtor, who admits to have living at the Property with Rickermann for several years prior to her purchase of it, suddenly left the Property prior to filing her bankruptcy petition (to live in an apartment managed by a company owned by Rickermann) while Rickermann continued to live at the Property.  It is also suspect that the Debtor provided no proof of consideration to Rickermann for the transfer of the Property to her.  The Debtor has no proof of utility bills or rent payment for the apartment (rent which was already in a reduced amount in light of work done by the Debtor for Rickermann and Big R Properties).  In addition, she used the same mailing address while allegedly living at the Property and in the apartment. The Debtor's action in obtaining insurance for the Property only post-petition and on the eve of her Rule 2004 examination also suggests that the Debtor has not been forthright and that the transfer of title to the Property to her was a tactical maneuver.  The Debtor clearly knew the benefit in Chapter 13 of preventing the Property from being classified as her residence.  What is not clear is that the transfer of the Property to the Debtor and the filing of her bankruptcy petition thereafter were made in good faith.

The Debtor's failure to disclose on her original bankruptcy documents things such as her employment by Rickermann and Big R Properties and benefits received in connection therewith, together with other misstatements on such documents, further evidence the Debtor's bad faith in filing this case.  It was not until after such misstatements were discussed at her Rule 2004 examination that the Debtor amended her Schedules and Statements.

The Debtor's effort to gain an unfair advantage by filing this bankruptcy case in an effort to avoid foreclosure and cram-down the debt to the Movant, is also demonstrated by

5

the Debtor's proposed Chapter 13 plan; the Movant is the only secured creditor that is to be paid in this case and the Debtor's Chapter 13 plan provides for payment to only one creditor (with a small claim), other than the Movant, the Debtor's counsel and the Chapter 13 trustee.

In addition to dismissing the Debtor's bankruptcy case, I see reason under the facts of this case to also grant the Movant's request that the Debtor be barred from filing a bankruptcy petition for 180 days after the dismissal.

## CONCLUSION

Accordingly, the bankruptcy case of Michelle Ann Finn, Case No. 127063-399, shall be dismissed and Michelle Ann Finn shall be barred from filing a case under the Bankruptcy Code for 180 days after the entry of the order of dismissal.

DATED: November 5, 2012

St. Louis, Missouri

Barry S. Schermer
Chief United States Bankruptcy Judge

Copies to:

Michelle Ann Finn
16 Tesson Hills
Arnold, MO 63010

Jay R. Burns
Law Offices of Jay R. Burns
7777 Bonhomme, Ste. 2250
Clayton, MO 63105

Cynthia M. Woolverton
Michael J. Wambolt
William T. Holmes, II
Millsap & Singer, LLC
612 Spirit Drive
St. Louis, MO 63005

Trustee
John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

U.S. Trustee
Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102

ALL CREDITORS AND PARTIES IN INTEREST AS SET FORTH ON THE MATRIX